IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**KEITA WILLIAMS,**

    **Plaintiff,**

**vs.**                                                **CASE NO. 1:04CV444-MMP/AK**

**TAMMY ROBERTS, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 against two corrections officers who heard the disciplinary report against him on June 1, 2004. (Doc. 1).  He complains that his due process rights were violated with regard to this disciplinary report because he was not given a receipt for the contraband for which the report was issued and the evidence/contraband was not presented at the hearing against him.

Attachments to the complaint support Plaintiff's recitation of the facts at issue, which are as follows:

> At approximately 0810 hours on May 26, 2004, I was conducting a strip search of Inmate Williams, Keita DC# 122884, person to ensure that he

had no contraband on his person. I observed a yellow piece of paper stuck in his rectum. I ordered Inmate Williams to pull it out. Inmate Williams kept attempting to put it further up his rectum. During this time Sergeant Calhoun entered and Inmate Williams pulled it out and had it in his hand. It was an empty top tobacco pack. Sergeant Calhoun and myself observed Inmate Williams and believed that he had swallowed contraband, he was trying to swollen [sic] real hard as if he had something in his mouth or throat. This incident was referred tot he shift O.I.C. for further disposition.

The Eleventh Circuit has interpreted Balisok to foreclose all claims challenging a disciplinary proceeding unless they were "purely procedural, as in Wolff...." Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997); Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003).

The procedural requirements for a disciplinary hearing are three-fold: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L.Ed. 2d 935 (1974).

Plaintiff generally claims that the disciplinary report is false and that "[he] was innocent of the charge against him, because the d.r. team failed to present the alleged contraband at the d.r. hearing." (Doc. 1, p.7A). However, Plaintiff does not deny that he ate the contraband. This claim is frivolous and of such a ridiculous nature that the undersigned recommends that it constitute a strike under 28 U.S.C. §1915(g).

Plaintiff's other claim, that he should have been given a receipt for the contraband, is not a due process requirement and is also frivolous.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint (doc. 1) be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A(b), and

**No. 1:04cv444-mmp/ak**

that the order adopting this report and recommendation direct the clerk of court to note on the docket that this dismissal constitutes a strike pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Gainesville, Florida, this __14th__ day of July, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:04cv444-mmp/ak**